# STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

**In Re: J.J. Jr.**

**No. 14-1042** (Mercer County 14-JA-116)

**FILED**

March 16, 2015
**RORY L. PERRY II, CLERK**
**SUPREME COURT OF APPEALS**
**OF WEST VIRGINIA**

## MEMORANDUM DECISION

Petitioner Father, by counsel Gerald Linkous, appeals the Circuit Court of Mercer County's September 23, 2014, order terminating his parental rights to one-year-old J.J. Jr. The West Virginia Department of Health and Human Resources ("DHHR"), by counsel S.L. Evans, filed its response in support of the circuit court's order. The guardian ad litem ("guardian"), Malorie Estep-Morgan, filed a response on behalf of J.J. Jr. that supports the circuit court's order. On appeal, Petitioner Father argues that the circuit court erred in terminating his parental rights without an improvement period.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

In December of 2012, the DHHR received a referral alleging deplorable conditions in petitioner's residence, such as 1) no heat, running water, or electricity; 2) four feet of trash in the kitchen; 3) a severe roach infestation; 4) a dead dog in the kitchen; and 5) a clogged, non-functioinal toilet. The following month, Child Protective Services ("CPS") provided petitioner with individualized parenting and adult life skills classes and directed petitioner to submit to random drug screens. In November of 2013, CPS workers investigated petitioner's residence. The workers observed two puppies urinating on the floor and trash, soiled diapers, and animal feces throughout the residence. The workers also observed J.J. Jr. lying on a soiled mattress and that he had lice and nits. Three days later, the DHHR filed a petition for abuse and neglect based upon the above-mentioned referral and subsequent investigation.

Thereafter, the circuit court held a series of adjudicatory hearings to take evidence on the DHHR's allegations. Service providers testified that petitioner refused to participate in services directed at remedying the conditions of neglect. The circuit court also heard testimony that petitioner's residence was in a deplorable condition and that he continuously tested positive for marijuana from July of 2013 through April of 2014. After considering all of the testimony, the circuit court held that J.J. Jr. was a neglected child and petitioner refused to allow services providers into his residence. In September of 2014, the circuit court held a dispositional hearing and terminated petitioner's parental rights. It is from this order that petitioner appeals.

The Court has previously established the following standard of review:

"Although conclusions of law reached by a circuit court are subject to *de novo* review, when an action, such as an abuse and neglect case, is tried upon the facts without a jury, the circuit court shall make a determination based upon the evidence and shall make findings of fact and conclusions of law as to whether such child is abused or neglected. These findings shall not be set aside by a reviewing court unless clearly erroneous. A finding is clearly erroneous when, although there is evidence to support the finding, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed. However, a reviewing court may not overturn a finding simply because it would have decided the case differently, and it must affirm a finding if the circuit court's account of the evidence is plausible in light of the record viewed in its entirety." Syl. Pt. 1, *In Interest of Tiffany Marie S.*, 196 W.Va. 223, 470 S.E.2d 177 (1996).

Syl. Pt. 1, *In re Cecil T.*, 228 W.Va. 89, 717 S.E.2d 873 (2011). Upon our review, the Court finds no error in the circuit court's termination of petitioner's parental rights.

On appeal, petitioner argues that the circuit court erred in terminating his parental rights. Petitioner's argument is based on our prior holding that states as follows:

Where allegations of neglect are made against parents based on intellectual incapacity of such parent(s) and their consequent inability to adequately care for their children, termination of rights should occur only after the social services system makes a thorough effort to determine whether the parent(s) can adequately care for the children with intensive long-term assistance. In such case, however, the determination of whether the parents can function with such assistance should be made as soon as possible in order to maximize the child(ren)'s chances for a permanent placement.

Syl. Pt. 4, *In re Billy Joe M.*, 206 W.Va. 1, 521 S.E.2d 173 (1999). Petitioner erroneously argues that he was not provided enough services below to sufficiently satisfy the requirement that a thorough effort be made to determine if he could care for the child with intensive, long-term assistance. However, the Court notes that its holding in *In re Billy Joe M.*, does not require any specific services be provided, but instead requires only that social services make a thorough effort to determine if a parent can adequately care for a child with intensive long-term assistance. Here, the DHHR provided petitioner with assistance in this matter, such as visitation, individualized parenting and adult life skills classes, drug screens, and a psychological evaluation in accordance with *In re Billy Joe M.*

Petitioner's treating psychologist, Barbara Nelson, testified that after receiving ten months of services petitioner did not have the ability to apply what he had learned and that petitioner "felt that [he was] doing very well." Ms. Nelson also testified that she was not aware of any additional services that the DHHR has not already provided to petitioner that would remedy the conditions of neglect. Importantly, Ms. Nelson testified that petitioner did not have the capability of making basic decisions to protect his child and recommended that "[petitioner]

2

never be left alone with his child." Accordingly, this Court finds that the DHHR made a thorough effort to determine petitioner's capacity for proper care by providing petitioner with visitation, individualized parenting and adult life skills classes, drug screens, and a psychological evaluation as soon as they possibly could in compliance with the syllabus point above.

Further, this Court finds no merit in petitioner's argument that he should have been granted a post-adjudicatory improvement period. West Virginia Code § 49-6-12 grants circuit courts discretion in granting an improvement period upon a showing, "by clear and convincing evidence, that the [parent] is likely to fully participate in the improvement period." Upon review of the record, petitioner failed to show, by clear and convincing evidence, that he would have fully complied with the terms of an improvement period if one had been granted. As noted above, the circuit court found that petitioner refused to allow service providers into his residence, continuously tested positive for marijuana, and failed to apply the skills that he learned. Thus, it was not error for the circuit court to deny petitioner an improvement period.

For the foregoing reasons, we find no error in the decision of the circuit court and its September 23, 2014, order is hereby affirmed.

Affirmed.

**ISSUED:** March 16, 2015

**CONCURRED IN BY:**

Chief Justice Margaret L. Workman
Justice Robin Jean Davis
Justice Brent D. Benjamin
Justice Menis E. Ketchum
Justice Allen H. Loughry II